**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

ROBERT JOHN SAM JR.,

Plaintiff,

    v.

CHRISTOPHER NICHOLAS CRONAUER &              Case No. 1:25-cv-13867

CRONAUER LAW LLP,

Defendants.

Judge Martha M. Pacold Magistrate Judge Beth W. Jantz

**DEFENDANTS' MOTION FOR PROTECTIVE ORDER TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT AND RESTRICT FUTURE FILINGS**

      NOW COME the Defendants, C. NICHOLAS CRONAUER and CRONAUER LAW LLP, by and through himself, *pro se*, and pursuant to this Court's inherent authority, Federal Rule of Civil Procedure 11, the All Writs Act, 28 U.S.C. § 1651 and other applicable laws, respectfully move this Honorable Court to enter a protective order declaring Plaintiff ROBERT JOHN SAM JR., a vexatious litigant and restricting his ability to file further documents without prior judicial approval and payment of filing fees. In support thereof, Defendants state as follows:

**INTRODUCTION**

1. This action, being a private suit against an Illinois domiciliary and Illinois law firms, by an Illinois resident creates no federal question nor diversity jurisdiction. This Court is no doubt aware its obligation to ensure proper jurisdiction of all claims. In fact, Robert Sam knows this as well, which is the basis for his prior voluntary dismissal he filed in 23-cv -50301, ECF # 202 (February 13, 2025) ("jurisdiction maybe improper, Plaintiff now seeks to voluntarily dismiss this case without prejudice so that he may refile in a proper forum.") Plaintiff knows there is

no federal jurisdiction, despite being *pro se*, yet has re-filed in federal court, for the third time against undersigned. He was sanctioned in the appellate court this year for doing things that, even though *pro se*, his experience showed he knew better. *See BKA Holdings, LLC v. Sam*, 2025 IL App (2d) 250160-U, ¶ 23 (citing *Mata*, 678 F. Supp. 3d at 463-64 (appropriate sanction is based in part on whether party was previously warned of improper conduct.)

2. This motion is necessitated by Plaintiff's long-standing pattern of frivolous, abusive, and harassing litigation, which has wasted judicial resources, burdened opposing parties, and exploited procedural loopholes across multiple state and federal courts. As detailed below, Plaintiff has been associated with over sixty (60) lawsuits to date, including eight (8) currently pending actions, and seven (7) cases dismissed in the past nine-months alone. Many of these filings involve repetitive claims, venue shopping between divisions of this District, and the misuse of artificial intelligence to generate baseless pleadings at a rapid pace.

3. Federal courts possess inherent authority to protect their dockets from such vexatious conduct by imposing pre-filing restrictions. This Court should exercise that authority here to prevent further abuse because it will not stop as he continues to file western division cases in the Eastern Division to escape Judge Johnston in the Western Division.

4. Additionally, Plaintiff's history implicates Federal Rule of Civil Procedure 41(a)(1)(B)'s "two-dismissal rule," under which a second voluntary dismissal of the same claim operates as an adjudication on the merits, barring refiling with prejudice. Sam has twice dismissed claims against undersigned starting in state court then in federal court. Given Plaintiff's multiple dismissals and transfers of similar claims, this action is precluded as *res judicata*, further underscoring the frivolous nature of his filings.

5. Defendants request that the Court: (a) declare Plaintiff a vexatious litigant; (b) direct the Clerk not to accept any further filings from Plaintiff (or anyone acting on his behalf) in this District

without prior written leave of court and payment of applicable fees; and (c) award Defendants their attorney fees and costs incurred in responding to this frivolous complaint.

**FACTUAL BACKGROUND**

6. Plaintiff Robert John Sam Jr. is a serial *pro se* litigant who has bombarded state and federal courts in Illinois with frivolous actions, often involving overlapping parties, claims, or grievances stemming from housing disputes, alleged civil rights violations, and baseless accusations against attorneys, landlords, and local government officials.

7. As of November 25, 2025, Plaintiff has had approximately sixty (60) lawsuits (*see* 23-cv—50301, EF # 146-6 (list of Sam lawsuits) to his name. This includes eight (8) pending claims, many of which appear to be meritless attempts to relitigate dismissed matters and simply harass opponents because he has nothing but time to draft with his AI program. Pending cases include:

    1. 1:25-cv-13867 (N.D. Ill., Eastern Div.) (this action, alleging retaliation under 42 U.S.C. § 1983);

    2. 24 LA 67 (DeKalb County Circuit Court);

    3. 1:25-cv-09752[1] (N.D. Ill., Eastern Div.) (Sam v. Frazier et al., involving elder care services);

    4. 3:25-cv-50219 (N.D. Ill., Western Div.);

    5. 3:25-cv-50338 (N.D. Ill., Western Div.);

    6. 1:25-cv-9387 (N.D. Ill., Eastern Div.);

---

[1] Notably, Sam pled guilty to committing fraud on his elderly neighbor for stealing yet is now trying to sue the parties connected to who he defrauded. *See* Report of Proceedings, dated June 17, 2024, attached hereto as Exhibit C. He was sentenced to probation (Exhibit D), and since he completed probation successfully, he has filed lawsuits seeking to collaterally attack his conviction in the civil arena, despite *Heck v. Humphrey*, 512 U.S. 477 (1994) precluding such relief.

7. 25 LA 52 (DeKalb County Circuit Court); and

8. 25 LM 256 (DeKalb County Circuit Court).

8. In the past year alone, seven (7) of Plaintiff's cases have been dismissed, often for lack of merit, procedural defects, or improper venue:

1. 3:23-cv-50301 (N.D. Ill., Western Div.);

2. 1:25-cv-1420 (N.D. Ill., Eastern Div.);

3. 1:25-cv-05351 (N.D. Ill., Eastern Div.);

4. 3:25-cv-50344 (N.D. Ill., Western Div.) (Sam Jr. v. Waller et al.);

5. 25 LA 49 (DeKalb County Circuit Court); and

6. 24 LA 69 (DeKalb County Circuit Court).

9. Plaintiff's conduct extends beyond mere volume; it involves deliberate venue shopping and abuse of process. Judge Tharp, Jr., in 25-cv-09387 held this. For instance, many of his claims arise from events in DeKalb County, including this claim, which falls within this District's Western Division (Rockford). Yet, Plaintiff repeatedly files in the Eastern Division (Chicago), forcing transfers or dismissals and wasting resources. *See, e.g.*, N.D. Ill. Local Rule 40.1 (governing divisional assignment based on county). Robert Sam continually files motions in the Western Division asking Judge Johnston to recuse himself accusing him of bias. Judge Johnston has filed orders, twice now, outlining why recusal is not appropriate, resulting in Robet Sam simply filing cases in the Eastern Division rather than respect the Court's authority in the Western Division. This pattern shows an intent to blatantly forum-shop rather than accept a lawful Court order.

10. Plaintiff has also been sanctioned by the Illinois Appellate Court for frivolous filing in related matters, including the underlying state housing case (*See BKA Holdings, LLC v. Sam*, 25 IL App (2d) 250160-U)), where he and his spouse were ordered to pay attorneys' fees for baseless

appeals generated with artificial intelligence. *See* Second District Order, dated October 8, 2025, attached hereto as Exhibit A. Despite this sanction, Plaintiff continues to churn out repetitive motions and complaints, often using AI to produce legally unsound documents "like clockwork" because Robert Sam is not afraid of financial sanctions. *See* Sam filing dated November 17, 2025, attached hereto as Exhibit B. He flaunts being "judgment proof" claiming his government aid is not capable of collection, turnover, nor garnishment. *See id.*

11. Further example of Plaintiff's perpetual disregard for Court rules, he has filed this action alleging that 639 Stonegate Drive, Sycamore, IL 60178 is his address, even though he was evicted from that residence in September, and it appears he has re-located. Rule 11 requires a current address for all pleadings. Robert Sam however, as is par for the course, believes the rules do not apply to him, which his why he is using an old address contrary to the Rules of Civil Procedure and continues to forum shop his cases. *See* Robert Sam Filing, dated November 3, 2025, attached hereto as Exhibit D (refusing to provide updated address despite prior court order requiring it).

12. The instant complaint exemplifies this perpetual abuse:  it rehashes grievances from prior state-court proceedings and federal court that has been dismissed, *compare.,* 23 LA 40 (DeKalb County case), *with,* 23 CV 5030 (Western Division Case), while similar allegations remain pending in 25 cv 50219. Despite being evicted, the Sam's accuses undersigned of "retaliation" for legitimate advocacy that is absolutely privileged on behalf of his clients, and seeks to punish counsel for enforcing court orders. Such claims lack merit and intended solely to harass Defendants and prolong litigation.

**ARGUMENT**

**I. THIS COURT HAS AUTHORITY TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT AND IMPOSE FILING RESTRICTIONS**

11. Federal courts have inherent power to regulate abusive litigation and protect their processes from vexatious conduct. In the Seventh Circuit, this includes barring serial filers from submitting documents without prior approval when their history shows a pattern of frivolous, repetitive, or harassing actions. *See Mack*, 45 F.3d at 186 (imposing bar after litigant filed multiple baseless suits); *Chapman*, 328 F.3d at 905 (affirming restrictions where filings were "frivolous and harassing").

12. Courts consider factors such as the number and content of filings, the litigant's motive (e.g., harassment), the burden on judicial resources, and the inadequacy of lesser sanctions. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1058 (9th Cir. 2007) (adopted in Seventh Circuit practice); *Tripati*, 878 F.2d at 353–54. All factors weigh heavily against Plaintiff here: his sixty lawsuits, including multiple dismissals and sanctions in the last year, demonstrate a clear intent to disrupt and harass rather than seek legitimate redress.

13. Illinois courts have similarly condemned such behavior, labeling individuals like Plaintiff "frequent-flyer litigators" who waste resources and exploit loopholes. *See People v. Alexander*, 2014 IL App (4th) 130132, ¶ 2 (describing vexatious litigants as those who "bombard courts with frivolous filings"). As the *Alexander* court noted:

> Doing so simply empowers defendants like the one now before us, who is unhappy with his lot in life... to continue to 'attack the system' with groundless claims, thereby requiring the courts to squander their scarce resources. Indeed, we surmise that forcing the courts to do so is likely defendant's key motivation. Ensuring open and meaningful access to the courts means denying access to those who are intent on disrupting the judicial process. Id. ¶ 28 (citing *People v. Austin*, 2014 IL App (4th) 140408, ¶ 27).

14. Here, Plaintiff's actions—including forging his wife's name on pleadings subject to the contempt filing, filing false bankruptcy petitions (25 BK 80476) resulting in dismissal (Exhibit E), and seeking baseless orders of protection (24 OP 217) among other filings, among the

other plethora of litigation—mirror this condemned conduct. *See also People v. Donley*, 2015 IL App (4th) 130223 (upholding dismissal of repetitive pleadings).

15. With the rise of AI, unrestricted *pro se* filings like Plaintiff's already sanctioned by the Second District appellate court pose an even greater threat to the court's already burdened docket, as they enable rapid generation of baseless motions without accountability. A protective order is essential to curb this abuse while preserving limited access through leave of court.

## II. PLAINTIFF'S VENUE SHOPPING AND MULTIPLE DISMISSALS IMPLICATE THE TWO-DISMISSAL RULE AND RES JUDICATA

16. Plaintiff's habit of filing improperly in the Eastern Division, despite events occurring in DeKalb County (Western Division), such as this case, constitutes venue shopping without any legitimate basis. Such tactics have led to transfers or dismissals in his other prior cases, further evidencing frivolity. *See* 25-cv-09387; *see* N.D. Ill. Local Rule 40.3 (providing for intra-district transfers).

17. Moreover, under Fed. R. Civ. P. 41(a)(1)(B), if a plaintiff voluntarily dismisses the same action twice, the second dismissal operates as an adjudication on the merits, precluding refiling with prejudice. Plaintiff's seven recent dismissals include multiple voluntary or procedural terminations of similar civil rights and retaliation claims against related parties. This action, which overlaps with prior dismissed matters (e.g., housing-related disputes involving Defendants' clients), are therefore barred. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 397 (1990) (noting Rule 41's role in preventing abusive refilings). The Court should consider this in assessing the frivolous nature of the complaint and imposing restrictions.

## III. LESSER SANCTIONS ARE INADEQUATE, AND THE REQUESTED RELIEF IS NARROWLY TAILORED

17. Monetary sanctions have proven ineffective, as evidenced by Plaintiff's continued filings despite prior appellate sanctions. A pre-filing order or bar on a fee waiver is the appropriate remedy, narrowly tailored to require judicial screening without denying access altogether. *See Mack*, 45 F.3d at 186 (upholding similar bar). Or, alternatively, Sams should be barred from filing fee waivers. If Plaintiff has a meritorious case, he can find a contingent fee lawyer to front the costs for him, or pay himself, like any other litigant. This allows the Plaintiff to remain free to seek leave for meritorious claims.

18. Sam has received an overdose of due process because he never has to pay to file any lawsuit in state or federal court, to the detriment of an already overburdened judicial system navigating worthwhile cases. The only way to prevent continued abuse is if he realizes there is a cost imposed on his frivolous filings, which the Second District just ordered in *BKA Holdings v. Sam*, 2025 IL App (2d) 250160-U, ¶ 23 (sanctioning the Sam's for flagrant and unprincipled filings), false bankruptcy filings (Ex. ##). As Sam's have since made clear, they have no intention of paying the sanction order resulting in continued and baseless motions not to vindicate rights, but to harass opponents, delay proceedings, and undermine judicial authority. The judiciary cannot permit this pattern to continue and sanctions will curb the perpetual behavior. Defendants also request fees and costs under 28 U.S.C. § 1927 and Fed. R. Civ. P. 11(c), as this complaint is objectively frivolous and filed for improper purposes.

WHEREFORE, Defendants respectfully pray that this Honorable Court:

A. Declare Plaintiff ROBERT JOHN SAM JR. a vexatious litigant;

B. Enter a protective order directing the Clerk of this Court not to accept for filing any further motion, petition, pleading, or other document from Plaintiff (or anyone acting on his behalf) unless Plaintiff first obtains written leave of court and pays all applicable filing fees, and lists

all pending and closed cases with any filing, with any unauthorized document to be returned unfiled;

C. Award Defendants their reasonable attorney fees and costs incurred in defending this action and bringing this motion; and

D. Grant such other and further relief as the Court deems just and equitable.

Respectfully submitted,

CRONAUER LAW LLP

By: /s/ C. Nicholas Cronauer
　　　One of Its Attorneys
CRONAUER LAW LLP
C. Nicholas Cronauer (ARDC #6305683)
1101 DeKalb Ave., Suite 2
Sycamore, IL 60178
T: (815) 895-8585 F: (815) 895-4070
NC@CronauerLaw.com
Service@CronauerLaw.com