



FILED
11/26/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

GMC

# IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

**Sam v. Cronauer et al.**
**Case No. 1:25-cv-13867**

# PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S IMPROPER "MOTION FOR SANCTIONS AGAINST HABITUAL LITIGANT"

Plaintiff, **Robert Sam**, respectfully moves this Court to **STRIKE** the "Motion for Sanctions Against Habitual Litigant" filed by Defendant **Christopher Nicholas Cronauer** (Dkt. 6), and states as follows:

# I. INTRODUCTION

Defendant Cronauer has filed a premature, procedurally defective, and improper "Motion for Sanctions" that:

1. **Was filed before entering an appearance or filing any responsive pleading**,

2. **Was not served under Rule 11(c)(2)'s mandatory safe-harbor provision**,

3. **Is prohibited at this stage of litigation**,

4. **Contains false, defamatory, and scandalous material solely to prejudice the Court**,

5. **Improperly attaches exhibits that are not permitted with such a motion**, and

6. **Is an attempt to taint the Court before the Complaint has even been screened.**

For these reasons, and those below, the motion must be stricken in its entirety.

# II. LEGAL STANDARDS

## A. Rule 11(c)(2) Safe-Harbor Requirement

A Rule 11 sanctions motion **must**:

- Be **served on the opposing party first**,

- Not be filed for **21 days**,

- And may only be filed if the challenged pleading is not withdrawn.

This safe-harbor procedure is **mandatory**. **A sanctions motion filed without it must be denied.** *See N. Ill. Telecom, Inc. v. PNC Bank, N.A., 850 F.3d 880, 889 (7th Cir. 2017).*

Cronauer **never served Plaintiff**, never invoked the 21-day waiting period, and instead **filed it immediately**, making it **automatically void**.

## B. A Defendant Cannot Seek Affirmative Relief Before Appearing

A litigant must **appear** before obtaining affirmative relief. Cronauer has:

- Filed **no appearance**,

- Filed **no Rule 12(b) motion**,

- Filed **no answer**,

but sought sanctions anyway. This alone requires striking. *See Fed. R. Civ. P. 7(a), 12(a).*

## C. Rule 12(f) – Scandalous and Immaterial Filings Must Be Stricken

Federal courts may strike filings containing:

- False statements

- Immaterial accusations

- Scandalous allegations intended to prejudice the judge
  *See Talbot v. Robert Matthews Distrib. Co., 961 F.2d 654, 664–65 (7th Cir. 1992).*

Cronauer's motion is filled with knowingly false assertions about Plaintiff's criminal history, bankruptcy, and "habitual litigant" claims.
No conviction exists, and several exhibits are fabricated or misleading.

## D. Local Rule 5.3 – Improper Exhibits

Exhibits may only accompany motions when permitted by rule.
There is **no rule** allowing exhibits to be attached to a sanctions motion—especially one filed at the pleading stage.

# III. ARGUMENT

## 1. Cronauer Violated Rule 11(c)(2): No Safe-Harbor Service

A sanctions motion filed without serving it first is **jurisdictionally defective**.
It must be **stricken**, not merely denied.

The Seventh Circuit is clear:

"Rule 11(c)(2)'s service requirement is mandatory."
*N. Ill. Telecom, 850 F.3d at 889.*

Cronauer served nothing on Plaintiff before filing.
The motion is void.

## 2. The Motion Is Premature and Cannot Be Filed Before a Responsive Pleading

A defendant **cannot** ask for sanctions before:

- Filing an appearance,

- Filing a response to the complaint, or

- Allowing the Court to screen the complaint.

His filing is procedurally improper and must be struck.

## 3. The Motion Contains False, Irrelevant, and Scandalous Material

The motion includes:

- False statements that Plaintiff was "sanctioned by the Second District,"

- False statements that Plaintiff "pled guilty to a felony,"

- Improper references to bankruptcy materials,

- Misleading accusations intended to attack character, not address pleadings.

These materials:

- Are **wholly irrelevant**,

- Have no bearing on Rule 11,

- And serve only to **poison the Court's perception** of Plaintiff.

This is exactly what Rule 12(f) is designed to prevent.

# 4. The Motion Is an Attempt to Prejudice the Court Before Screening

The assigned federal judge has not even conducted the initial review.
Cronauer filed this solely to:

- Undermine the screening process,

- Manipulate the Court,

- And intimidate the Plaintiff into withdrawing a lawful action.

Filing harassing motions for improper purposes is itself a **Rule 11(b)(1) violation**, and the Court may sanction HIM for it.

# V. REQUEST FOR ORDER TO SHOW CAUSE WHY ATTORNEY CRONAUER SHOULD NOT BE SANCTIONED FOR FALSE STATEMENTS TO THE COURT

Plaintiff respectfully requests that this Court issue an **Order to Show Cause** directing Defendant **Christopher Nicholas Cronauer** to explain why he should not be sanctioned under **Rule 11(b)(1)–(3)** and the Court's **inherent authority** for knowingly making false representations to this Court in his improperly filed sanctions motion.

## A. Defendant Knowingly Lied to the Court About Plaintiff "Filing in Multiple Courts"

In his motion, Defendant asserts that Plaintiff "repeatedly files in different courts to manipulate judges," a statement that is not only false but impossible under the Northern District of Illinois filing system.

**Plaintiff filed exactly one federal complaint**, through the **Northern District of Illinois CM/ECF portal**, which randomly assigns cases to judges pursuant to the district's standard assignment procedure. Plaintiff has never filed multiple federal cases seeking different judges, and Defendant's accusation is a deliberate falsehood.

This false statement violates **Rule 11(b)(3)** because it has no evidentiary support and was made solely to prejudice the Court against Plaintiff.

## B. Defendant's False Accusation Attacks the Integrity of the Federal Assignment Process

By claiming that Plaintiff "judge-shops," Defendant not only lies about Plaintiff but also implicitly questions the integrity of this Court's **random assignment procedures**, a matter federal courts take extremely seriously.

False accusations that a party is manipulating judicial assignments are considered abusive and sanctionable. See *Kapco Mfg. Co., Inc. v. C & O Enterprises, Inc.*, 886 F.2d 1485, 1491 (7th Cir. 1989) (false allegations designed to influence the judge are sanctionable).

## C. Plaintiff Possesses Extensive Documentation That Contradicts Defendant's Narrative

Contrary to Defendant's accusations, Plaintiff has **never attempted to influence judicial assignments** and has extensive documentation—including more than one hundred forty written communications with state judicial officials—that contradict Defendant's claims and demonstrate that Plaintiff has consistently acted in good faith in all judicial proceedings.

Plaintiff does not submit these materials at this time unless requested by the Court, but stands ready to do so to rebut Defendant's knowingly false statements.

## D. Defendant's Conduct Was Deliberate and Intended to Mislead and Prejudice the Court

Defendant made these false statements:

- **before filing an appearance**,

- **before filing any permissible responsive pleading**,

- **before the Court had even screened the Complaint**,

- and for the purpose of poisoning the Court's view of Plaintiff.

This conduct violates:

- **Rule 11(b)(1)** (improper purpose),

- **Rule 11(b)(3)** (false factual contentions),

- **Local Rule 83.50 / Model Rule 3.3(a)(1)** (candor toward the tribunal).

Knowingly lying to a federal court is misconduct warranting sanctions.

## E. Relief Requested

For these reasons, Plaintiff respectfully requests that the Court:

1. **Issue an Order to Show Cause** directing Defendant Cronauer to explain why he should not be sanctioned for making false representations to the Court;

2. **Set a hearing** to determine whether Defendant violated Rule 11(b) and the Court's inherent authority;

3. **Admonish Defendant** for misrepresenting the judicial assignment process;

4. **Prohibit Defendant from filing any further sanctions motions** without prior leave of Court; and

5. Grant any other relief the Court deems just and appropriate, including referral to the **Executive Committee** or **ARDC** if warranted.

# Respectfully submitted,

**/s/ Robert Sam**
**Robert Sam, Plaintiff**
Pro Se Litigant
harpees5@yahoo.com